AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States District Court
Southern District of Texas
FILED

FEB 22 2020

David J. Bradley, Clerk

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. M-20-0496-M |
| Kevin Mohammed TAPIA-MARTINEZ<br>DOB: 1997<br>Citizenship: Mexico | ) ) ) ) ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 21, 2020__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 31 USC § 5332 | Knowingly and intentionally conceals over $10,000.00, that is, approximately $214,000.00 in United States Currency, on the person of such individual or in any conveyance, article of luggage, merchandise or other container, and transports or transfers or attempts to transport or transfer said currency from a place within the United States to a place outside the United States, that is, the United Mexican States, with the intent to evade a currency reporting requirement. |

This criminal complaint is based on these facts:

See Attachment "A"

☑ Continued on the attached sheet.

/s/ Jorge Rodriguez
*Complainant's signature*

Jorge Rodriguez, HSI Task Force Officer
*Printed name and title*

Submitted by reliable electronic means, sworn to and attested to telephonically per Fed. R. Cr. 4.1, and probable cause found on:

Date: __02/22/2020__  3:52 p.m.

Peter E Ormsby
*Judge's signature*

City and state: __McAllen, Texas__   U.S. Magistrate Judge Peter Ormsby
*Printed name and title*

**Attachment "A"**

I, Jorge Rodriguez, am a Task Force Officer of the United States Homeland Security Investigations (HSI) and have knowledge of the following facts. The facts related in this attachment do not reflect the totality of information known to me or other agents/officers, merely the amount needed to establish probable cause. I do not rely upon facts not set forth herein in reaching my conclusion that a complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this attachment in support of the complaint.

1. On February 21, 2020, Homeland Security Investigations in McAllen, Texas, (HSI McAllen) received a request for investigative assistance from the U.S. Customs and Border Protection (CBP) Office of Field Operations at the Anzalduas Port of Entry (POE) in Mission, Texas. CBP Officers (CBPOs) detained Kevin Mohammed TAPIA-MARTINEZ (hereafter TAPIA), a citizen of Mexico, while attempting to exit the United States into Mexico with approximately $214,000.00 in US currency concealed within aftermarket constructed concealed compartments in the vehicle he was driving.

2. During primary outbound inspection, CBPOs obtained a negative oral declaration for drugs, weapons and currency over $10,000.00 from TAPIA. TAPIA claimed to be traveling from McAllen, Texas to Reynosa, Tamaulipas, Mexico. CBPOs referred TAPIA to secondary inspection for an intensive examination.

3. During secondary inspection and a physical search of the vehicle, a CBPO discovered US currency hidden in a non-factory manufactured compartments located in the rear wheel area and the front frame rails. The stacks of currency were counted, with an amount of approximately $214,000.00.

4. HSI Special Agents responded to the Anzalduas POE to assist in the investigation. HSI Special Agents and Task Force Officers interviewed TAPIA, who admitted to smuggling bulk cash in excess of $10,000 dollars in US currency. TAPIA stated he knew the reporting requirements on monies over $10,000 dollars.